IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JOHNNY MAYNOR, et al.,        )
                              )
        Plaintiffs,            )
                              )
vs.                           )   CIVIL ACTION NUMBER
                              )
MORGAN COUNTY, ALABAMA, et al., )   01-C-0520-NE
                              )
        Defendants.            )

**MEMORANDUM OPINION GRANTING MOTIONS TO DISMISS**

In this putative class action brought under 42 U.S.C. § 1983, the named Plaintiffs, Johnny Maynor, Anthony Murphree, and Chris Nichols challenge the conditions of their confinement in the Morgan County (Alabama) Jail ("the Jail"). They basically allege the existence of cruel and unusual living and sleeping conditions in the Jail, and that the Jail is a fire hazard, in violation of the Eighth Amendment to the United States Constitution. The Defendants contend that under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), the complaint must be dismissed for failure to exhaust administrative remedies provided under the Jail's "Inmate Complaints (Grievances)" policy and the Alabama State Board of Adjustment. For the reasons which follow, the complaint will be dismissed without prejudice.

I

Plaintiff Johnny Maynor has been detained at the Jail since October 31, 2000, awaiting trial on charges of possession of marijuana, burglary, theft of property, and receiving stolen property. On December 12, 2000, Plaintiff Anthony Murphree was convicted by the Circuit Court of Morgan

County of the felony offense of driving while intoxicated. Although he was sentenced on the same day to three years in the state penitentiary, he has remained in the Jail since that time. Plaintiff Chris Nichols was convicted of burglary, possession of burglary tools, and fraudulent use of a credit card on January 24, 2001. He was sentenced to fifteen years in the state penitentiary on the same day and he has been detained in the Jail since January 24.

The Jail has a written "inmate Complaints (Grievances)" policy. Under the policy, an inmate who wishes to file a complaint must request an "Inmate Complaint form" from a jail officer. The form must be completed by the inmate; it "must be specific in nature;" the inmate must attempt to resolve the complaint; and the inmate must propose a solution to the complaint. The inmate must be affected by the complaint; and only one inmate can sign a complaint. The complaint must be addressed to the Warden. The supervisor will investigate the complaint and attempt to resolve it within forty-eight (48) hours. If the supervisor is unable to resolve the complaint, findings will be written and forwarded to the Warden. The Warden will then rule on the findings and the inmate will be given a copy of the written decision. If the inmate is dissatisfied with the decision of the Warden, then the inmate may appeal to the Jail Administrator, who will rule on the complaint within six working days. Decisions of the Jail Administrator may be appealed to the Sheriff within 24 hours. The Sheriff's decision is final.

Sometimes inmates have requested the requisite grievance form from jail officers and the officers ignored their requests. On other occasions, inmates have requested and been provided with the forms. The completed forms have been processed through the system.

According to the Jail Administrator, it takes no more than 72 hours for a complaint to be processed through the Inmate Complaint (Grievance) system.

None of the named Plaintiffs has filed a grievance complaining of the alleged unconstitutional conditions of the Jail. Likewise, none of them requested and been denied the necessary form for that purpose.

The exhaustion of the Jail's internal administrative remedies will prove futile, as the Sheriff has been fully aware of the Plaintiffs' core complaints (sleeping and living conditions, fire code violations) at all material times.

II

Section 1997e(a) provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Even before the PLRA, the Eleventh Circuit had held that inmates seeking monetary damages and injunctive relief *should* exhaust arguably futile and inadequate administrative grievance procedures prior to filing a federal action under Section 1983. In *Irwin v. Hawk*, the court wrote:

> No doubt denial [of the grievance] is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightening may strike; and even if it doesn't, in denying relief the [jail or prison] may give a statement of its reasons that is helpful to the district court in considering the merits of the claim.

40 F.3d 347, 349 (11th Cir. 1994), citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989). Following the enactment of PLRA, our Circuit specifically held that because Congress has now mandated exhaustion, the district court has no discretion: exhaustion *is* required. *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). The firmly established and longstanding futility exception to the exhaustion requirement has simply been abolished in prison litigation. Contrary to

a bedrock principle of Anglo-American jurisprudence, the PLRA may well require prisoners to perform futile acts: "Since exhaustion is now a pre-condition to suit, the courts simply cannot simply waive those requirements where they determine they are futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285 (11th Cir. 1999) *vacated* by 197 F.3d 1059 (11th Cir. 1999), *reinstated en banc* in part by 216 F.3d 970 (11th Cir. 1999) (reinstated all the panel opinion except Part III A and Part IV).

But an inmate is required to exhaust only those administrative remedy programs "available" to him. Our Circuit spoke to the meaning of the term:

> We find that the term "available" in section 1997e(a) is used to acknowledge that not <u>all prisons actually have an administrative remedy programs</u>. **Some** state penal institutions **may not have** an administrative remedy **program to address prison conditions**, and thus there are no "available" administrative remedies to exhaust. Section 1997e(a) permits these prisoners to pursue their claims directly in federal court.
> ....
> Requiring mandatory exhaustion **if a prison has an available administrative grievance procedure** is consistent with this Court's longstanding recognition of the usefulness of exhaustion requirements.

*Alexander v. Hawk*, 159 F.3d at 1326-27 (emphasis added). *See also Massey v. Helman*, 196 F.3d 727, 733-34 (7th Cir. 1999) ("[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim....[C]ourts merely need to ask whether the institution has an internal administrative grievance procedure... [I]f such an administrative process is in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim.").

The Ninth Circuit has also weighed in on the issue:

> The language of the PLRA, as well as the language of the pre-PLRA version of section 1997e, indicates that Congress had internal prison grievance procedures in mind when it passed the PLRA. That is, while Congress certainly intended to require prisoners to exhaust available prison

administrative grievance procedures, there is no indication that it intended prisoners also to exhaust state tort claim procedures. For example, section 1997e(b) tellingly provides that "the failure of a state to adopt or adhere to an *administrative grievance procedure* shall not constitute the basis for an action" (emphasis added). "it thus appears that throughout § 1997e Congress is referring to institutional grievance processes and not state tort claim procedures."

*Rumbles v. Hill*, 182 F.3d 1064, 1069-70 (9th Cir.1999) (quoting *Lacey v. C.S.P. Solano Med. Staff*, 990 F.Supp. 1199, 1206 (E.D. Cal. 1997)).

The Sixth Circuit has observed that "Congress intended the exhaustion requirement to apply to the *prison's* grievance procedures, regardless of what other administrative remedies might also be available". *LaVista v. Beeler*, 195 F.3d 254, 257 (6th Cir. 1999). *See also Jenkins v. Morton,* 148 F.3d 257 (3rd Cir. 1998).

Our circuit and four others have concluded that PLRA only requires the exhaustion of prison administrative remedies. In following these authorities, the Court respectfully disagrees with the contrary conclusion reached by the Middle District of Alabama in *Garner v. Weeks,* (C.A. # 99-D-545-S, M.D. Ala.), *Johnson v. Robinson,* (C.A. # 00-D-616-E, M.D. Ala. ), and *Bell v. Riley,* (C.A. # 00-D-731-E, M.D.Ala.)

III

On the facts and the law, the complaint must be dismissed for the Plaintiffs' failure to exhaust the internal administrative procedures of the Jail. Whether the procedures will most likely be futile is irrelevant. All that matters is that an internal grievance/complaint procedure exists and that the Plaintiffs have not exhausted it. Not much, in terms of either effort or time, will be required for its exhaustion. The complaint will be dismissed without prejudice to the Plaintiff's right to file a new complaint.

The Defendants' argument that the Plaintiffs are required to file a claim with the Alabama State Board of Adjustment is rejected. First, the Plaintiffs have disavowed any intent to seek damages from the defendants; they seek injunctive relief only. Thus, the procedures of the Board of Adjustment are not available to them, because that board's jurisdiction is limited to claims for damages. Ala. Code, § 41-9-62(a)(1). Separately, the Board of Adjustment lacks jurisdiction over the Plaintiffs's claims for injunctive relief because such relief is available in this Court. Most basic, of course, is the consideration that the PLRA only requires the exhaustion of prison internal grievance procedures.

By separate order, the complaint will be dismissed without prejudice.

Done this 15TH day of March, 2001 .

_____
Chief United States District Judge
U.W. Clemon